**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-819-MOC-DCK**

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| BENJAMIN JAMES EPSTEIN, et al., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Dismiss Of Defendant Benjamin James Epstein" (Document No. 16). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

### I. BACKGROUND

Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed this action against Defendant Benjamin James Epstein ("Epstein" or "Defendant") and the business entity of which he is a member, ABS3, LLC ("Defendant ABS3"), pursuant to the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq*. Plaintiff asserts claims arising out of the alleged unauthorized publication on October 23, 2010 of *Ultimate Fighting Championship 121: Brock Lesnar v. Cain Velasquez*, at "On the Roxx," a bar located at 19712 One Norman Boulevard, Suite 100, Cornelius, North Carolina.

"Plaintiff's First Amended Complaint For Damages" (Document No. 14) was filed on August 17, 2013. The "Answer Of Defendant ABS3, LLC To Plaintiff's Amended Complaint" (Document No. 15) was filed on September 16, 2013. The pending "Motion To Dismiss Of Defendant Benjamin James Epstein" (Document No. 16) was also filed on September 16, 2013. "Plaintiff Joe Hand Promotions, Inc.'s Opposition To Defendant's Motion To Dismiss" (Document No. 17) and the "Reply In Support Of Motion To Dismiss…" (Document No. 19) were timely filed, and this matter is now ripe for review and a recommendation to the Honorable Max O. Cogburn, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is

> entitled to relief." Specific facts are not necessary; the statement
> need only "'give the defendant fair notice of what the ... claim is
> and the grounds upon which it rests.'" In addition, when ruling on
> a defendant's motion to dismiss, a judge must accept as true all of
> the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citing Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant Epstein contends that the Amended Complaint fails to state a claim for individual liability. (Document No. 16-1, p.3). Epstein asserts that the allegations only show that Defendant Epstein was an officer of Defendant ABS3, a fact which is not contested. (Document No. 16-1, p.5). Epstein goes on to suggest that the Amended Complaint is deficient because it does not specifically allege that he was present at On the Roxx when the program in question, *Ultimate Fighting Championship 121: Brock Lesnar v. Cain Velasquez*, was exhibited, and that the Amended Complaint fails to include any factual allegations setting forth Epstein's involvement in the exhibition of the program. Id.

Epstein relies heavily on Joe Hand Promotions, Inc. v. Mehovic, 1:12-cv267-MR-DLH (W.D.N.C. Apr. 17, 2013) to support his claim for dismissal based on Plaintiff's alleged failure to establish personal liability. (Document No. 16-1). In Mehovic, Judge Howell effectively described the standard for individual liability in these cases: "An individual defendant may be held liable pursuant to Section 553 and Section 605 where the individual has 'the right and

3

ability to supervise the violations and a strong financial interest in the activity . . . .'" Joe Hand Promotions, Inc. v. Mehovic, 1:12-cv267-MR-DLH, (Document No. 16, p.5) (quoting Joe Hand Promotions, Inc. v. Angry Ales, Inc.,. 3:06cv73-MR, 2007 WL 3226451, at *4 (W.D.N.C. Oct. 29, 2007)). Judge Howell concluded, and Judge Reidinger later agreed, that the Mehovic complaint was "largely devoid of any factual allegations related to" the individual defendant, Mehovic. Id. See also, Joe Hand Promotions, Inc. v. Mehovic, 1:12-cv267-MR-DLH, (Document No. 21) (W.D.N.C. June 20, 2013).

Defendant Epstein concludes that because Plaintiff is "clearly unable to allege with any reasonable certainty that Defendant Epstein did, in fact, instruct employees to intercept the Program," this matter must also be dismissed pursuant to Rule 12(b)(6).

Plaintiff contends that the Amended Complaint adequately states a claim against Defendant Epstein. (Document No. 18, p.3) (citing Joe Hand Promotions, Inc. v. Angry Ales, Inc., 3:06cv73-MR, 2007 WL 3226451, at *4). In support of its opposition to the motion to dismiss, Plaintiff includes the following excerpts from the Amended Complaint:

> 8. Defendant Benjamin James Epstein is, and at all times relevant hereto, including the date on which the Program herein was broadcast (as more specifically defined in paragraph 18), was an officer of ABS3, LLC. Plaintiff is informed and believes that Defendant Benjamin James **Epstein is the *sole officer of ABS3, LLC***.
>
> 9. Defendant Benjamin James **Epstein is**, and at all times relevant hereto, including the date on which the Program herein was broadcast (as more specifically defined in paragraph 18), was, **identified as the "owner" of On the Roxx** on the North Carolina Alcoholic Beverage and Control license for On the Roxx (ABC File No. 0017501AJ-999), with a location of 19712 One Norman Blvd., Ste. 100, Cornelius, NC 28031.
>
> 10. Defendant Benjamin James Epstein is, and at all times relevant hereto, including the date on which the Program herein was broadcast (as more specifically defined in paragraph 18), was, ***the***

> *only officer* of **On the Roxx** identified on the North Carolina Alcoholic Beverage and Control license for On the Roxx (ABC File No. 0017501AJ-999), with a location of 19712 One Norman Blvd., Ste. 100, Cornelius, NC 28031.
>
> 14. Plaintiff is informed and believes, and alleges thereon that on October 23, 2010 (the night of the Program at issue herein, as more specifically defined in paragraph 18), Defendant Benjamin James **Epstein was a moving and active conscious force behind the operation, advertising, and promotion of On the Roxx, and had the obligation, right, and ability to supervise the activities of On the Roxx, and is responsible for all activities that occurred therein, which included the unlawful interception and exhibition of Plaintiff's Program**.
>
> 15. Plaintiff is informed and believes, and alleges thereon that **on October 23, 2010** (the night of the *Program* at issue herein, as more specifically defined in paragraph 18), Defendant Benjamin James **Epstein specifically directed the employees of On the Roxx to unlawfully intercept and broadcast Plaintiff's *Program*** at On the Roxx or that the actions of the employees of On the Roxx are directly imputable to Defendant Benjamin James Epstein by virtue of, *inter alia,* his position as an officer of ABS3, LLC, and the sole individual identified as an officer and owner of On the Roxx on North Carolina ABC File No. 0017501AJ-999.
>
> 16. Plaintiff is informed and believes, and alleges thereon that **on October 23, 2010** (the night of the *Program* at issue herein, as more specifically defined in paragraph 18), Defendant Benjamin James **Epstein had supervisory authority and capacity over the employees of On the Roxx, and that the broadcast of the *Program* resulted in income for On the Roxx**.

(Document No. 18, pp.3-4) (quoting (Document No. 14, pp.3-5)) (emphasis added).

The undersigned also notes that the "Answer Of Defendant ABS3, LLC To Plaintiff's Amended Complaint" (Document No. 15) admits "that Defendant Benjamin **Epstein was the Manager of Defendant ABS3, LLC at all times relevant to the allegations** contained in Plaintiff's Complaint," and "that Defendant Benjamin **Epstein had general supervisory control**

5

**over all employees of Defendant ABS3**, LLC by virtue of his position as Manager."
(Document No. 15, p.2) (emphasis added).

Plaintiff argues that at the pleading stage, inferences must be drawn in Plaintiff's favor. (Document No. 18, p.5) (citing Iqbal, 556 U.S. at 678). Plaintiff further argues that Defendant "is asking the Court to adopt a pleading standard that would require Plaintiff to have full knowledge absent discovery." Id. Plaintiff also effectively asserts, contrary to Defendant's argument, that Defendant Epstein's physical presence on the night of the alleged violation is not a requirement for individual liability. (Document No. 18, p.6). Plaintiff concludes that the Amended Complaint "provides enough factual detail to draw an inference that Defendant had supervisory control and a financial interest in the activities of the establishment on the night in question." (Document No. 18, p.7).

In short, the undersigned finds Plaintiff's argument persuasive. It appears that the allegations of individual liability in the Amended Complaint are more developed than those in Mehovic, and include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. As such, the undersigned agrees that this matter should proceed to discovery.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Motion To Dismiss Of Defendant Benjamin James Epstein" (Document No. 16) be **DENIED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact,

conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: January 28, 2014

David C. Keesler
United States Magistrate Judge